UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAXIMINO SANTIAGO PEREZ,

    Plaintiff,

v.

RON MURRAY, et al.,

    Defendants.

Case No. 18-cv-01437-JSC

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AS MOOT**

Re: Dkt. No. 5

In this habeas petition, Petitioner Maximino Santiago Perez alleges that his prolonged detention in immigration custody violates his statutory and constitutional rights. The government's motion to dismiss the habeas petition as moot is now pending before the Court.[1] (Dkt. No. 5.) Petitioner has not opposed the motion. After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the June 13, 2018 hearing, and GRANTS the motion to dismiss. Because petitioner has been granted the relief sought in his petition, the petition is moot and the Court lacks subject matter jurisdiction.

**BACKGROUND**

Petitioner Maximino Santiago Perez ("Petitioner") was arrested on August 19, 2017 for allegedly committing Lewd Acts on a Child Under 14 in violation of California Penal Code section 288(a). (Dkt. No. 1 at ¶ 4.) Three days later, he was released pursuant to California Penal Code section 849 which authorizes a peace officer to release a person from custody if there are insufficient grounds to file a criminal complaint against the person. (*Id.* at ¶ 29.) Immigration and

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 2, 4)

1 Customs Enforcement ("ICE") detained him immediately upon his release. (*Id.* at ¶ 3.) Two months later, Petitioner had a bond redetermination hearing and an Immigration Judge denied bond based on dangerousness. (*Id.* at ¶ 4.)

Four months after this denial, Petitioner filed this Petition for Writ of Habeas Corpus accompanied by an Ex Parte Motion for Temporary Restraining Order and Motion for Preliminary Injunction. (Dkt. No. 1.) The petition alleged that his prolonged detention in ICE custody violated his rights under 8 U.S.C. § 1231(a) and 8 U.S.C. § 1226(c), as well as his due process rights under the Fifth Amendment and the Fourteenth Amendment. (Dkt. No. 1 at ¶ 40-53; Dkt. No. 1-3.) On March 12, 2018, the Court issued an Order to Show Cause requiring the government to file its answer in 60 days. (Dkt. No. 3.) Two weeks later, Petitioner had a new bond hearing and the Immigration Judge ordered him released on bond. (Dkt. No. 5-1 at ¶ 4.) Petitioner was released from immigration custody the next day. (Dkt. No. 5-1 at ¶ 4.) The government thereafter filed the underlying motion to dismiss the habeas petition as moot under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Dkt. No. 5.)

**LEGAL STANDARD**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction and the burden of establishing that a case falls within federal jurisdiction is on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal jurisdiction requires a live case or controversy at every stage of litigation. U.S. Const. art. III, § 2, cl. 1; *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013). If, at any point during litigation, an event occurs such that there is no longer a live case or controversy upon which relief can be granted, the claim is moot and must be dismissed. *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997).

**DISCUSSION**

The government contends that as Petitioner is no longer in ICE custody the habeas petition is moot because there is no live case or controversy upon which the Court can grant relief and no exception to the mootness doctrine applies. Petitioner has not opposed the motion; accordingly,

2

the Court finds that there is no dispute that Petitioner is no longer in ICE custody.

**A. There Is No Live Controversy**

Where, as here, a habeas corpus petitioner has been released from custody, there is no live case or controversy unless there is "some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007). For a collateral consequence to present a continuing live case or controversy, it must be a concrete legal disadvantage, and not merely a speculative or contingent injury. *See Spencer v. Kemna*, 523 U.S. 1, 14-16 (1988) (rejecting petitioner's arguments that his petition to invalidate an order revoking his parole was not moot because of the potential consequences a parole revocation could have on future civil or criminal proceedings as too contingent or speculative); *see also Domingo-Jimenez v. Lynch*, No. C 16-05431 WHA, 2017 WL 235194, *1-3 (N.D. Cal. Jan. 19, 2017) (rejecting petitioner's argument that the allegedly unconstitutional reliance on a police report to deny him bond at an earlier bond hearing could negatively impact his asylum proceedings and potential future bond hearings as too speculative, and dismissing petitioner's habeas petition as moot).

Because Petitioner did not oppose the government's motion, Petitioner has not identified any collateral consequences which could be redressed by success on his habeas petition. There is thus no live case or controversy upon which the Court can grant relief.

**B. No Exception Applies**

There are two exceptions to the mootness doctrine, each of which allows a case to survive despite the absence of a live controversy: 1) the voluntary cessation exception, and 2) the matters capable of repetition, yet evading review exception. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 190 (2000).

**1. Voluntary Cessation**

The voluntary cessation exception applies when (1) there is a voluntary cessation of the allegedly illegal activity; (2) the cessation arises because of the litigation; and (3) there is a reasonable expectation that the alleged wrong will be repeated. *Sze v. INS*, 153 F.3d 1005, 1008 (9th Cir. 1998). "The heavy burden of persua[ding] the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness." *Friends of the*

3

*Earth*, 528 U.S. at 189 (internal citation and quotation marks omitted). The government cannot shift this burden to the petitioner; rather, it must show that it is "absolutely clear" that it is not reasonably likely that they will subject petitioner to the same challenged behavior. *See Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency*, 581 F.3d 1169, 1174 (9th Cir. 2009).

In *Domingo-Jimenez*, the court concluded that that the voluntary cessation exception did not apply where petitioner was already free on bond and the police report that formed the basis for petitioner's bond denial was already resolved, because any potential new arrest would not be related to the incident that formed the basis of petitioner's previous criminal prosecution, and would therefore not constitute a repetition of the same alleged wrong. *Id*. at 2017 WL 235194, at *4. Likewise, in *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991), the Ninth Circuit found that the exception did not apply where the government filed a declaration stating that "[a]bsent [petitioner's] reinvolvement with the criminal justice system, a change in the Cuban government enabling him to return to Cuba, or the willingness of a third country to accept him, he will be paroled for another year."

Here, the government has provided copies of the Immigration Judge's order which show that he was released on $6,000 bond; thus, unless Petitioner violates the conditions of his release or otherwise has further law enforcement contacts unrelated to his initial detention, he will remain free on bond such that the basis for his claim here is unlikely to recur. Because there is no reasonable expectation that the basis of Petitioner's habeas claim will reoccur, the third prong of the voluntary cessation exception does not apply. The second prong—that the change was the result of the litigation—also appears to be missing. That is, Petitioner received his new bond hearing because the Immigration Judge granted his motion for a bond redetermination hearing on March 21, 2018. (Dkt. No. 5-2 at 3.) From this, the Court can infer that Petitioner received the new hearing because of his motion, and not because of this habeas petition. The voluntary cessation exception thus does not apply.

**2. Matters Capable of Repetition**

The matters capable of repetition, yet evading review exception is limited to "extraordinary cases" in which (1) the duration of the allegedly illegal activity is too short to be fully litigated

4

before it ceases; and (2) there is a reasonable expectation that the plaintiff will be subjected to the same allegedly illegal activity again. *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 798 (9th Cir. 1999). To satisfy this exception, there must be a reasonable expectation that the same controversy will reoccur between the same litigants. *Lee v. Schmidt-Wenzel*, 766 F.2d 1387, 1390 (9th Cir. 1985). A speculative or contingent possibility that a plaintiff may be subjected to same activity again does not satisfy the matters capable of repetition exception. *Id*. In contrast to the voluntary cessation exception, the petitioner bears the burden of showing that this exception applies. *Id*. For this reason alone the exception cannot apply—petitioner has made no arguments in response to the government's motion to dismiss.

## CONCLUSION

For the reasons stated above, the Court GRANTS the government's motion to dismiss petition for writ of habeas corpus as moot.

This Order disposes of Docket No. 5. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: June 6, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge